CLERK'S COPY

FILED at Santa Fe NM
APR 26 2000
R... ......., Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES WILLIAM HILL,

    Plaintiff,

v.    No. CIV-00-0112 MV/WWD

BRIAN SALEE, ALBUQUERQUE POLICE OFFICER,
MATT LUJAN, ALBUQUERQUE POLICE OFFICER,
SHAWNA (CONFIDENTIAL INFORMANT),
HERMAN MARTINEZ, ALBUQUERQUE POLICE OFFICER,
JERRY BELOTTI, ALBUQUERQUE POLICE OFFICER,
JARRELL PERRY, DRUG ENFORCEMENT AGENT,
BRAIN SHEILDS, DRUG ENFORCEMENT AGENT,
DRUG ENFORCEMENT AGENCY,
CITY OF ALBUQUERQUE AND THE
ALBUQUERQUE POLICE DEPARTMENT,
PETE BACA, DRUG ENFORCEMENT AGENT,
GREG CUNNINGHAM, DRUG ENFORCEMENT AGENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the

complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This complaint under 42 U.S.C. § 1983 alleges that, as a result of a conspiracy and "racial profiling" by Defendants, Plaintiff was entrapped to sell drugs, for which he was arrested and convicted. Plaintiff claims Defendants' conduct violated his rights under the Fifth and Fourteenth Amendments, and he seeks damages.

Plaintiff's claims are based on allegations which, if proven, would constitute a defense to the criminal charges for which he is incarcerated. *State v. Vallejos*, 945 P.2d 957, 960 (N.M. 1997). As a result, Plaintiff's claims call into question the constitutionality of his criminal conviction and, therefore, are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a convicted defendant may not bring a suit for damages under § 1983 if "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Id.* at 481-82; *see Callihan v. Schneider*, 178 F.3d 800, 801, 804 (6th Cir. 1999) (dismissal under *Heck* of § 1983 claim for entrapment); *Aleotti v. Baars*, 896 F. Supp. 1, 4 (D.D.C. 1995) (dismissing conspiracy-to-entrap claim); *and cf. Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 560 (10th Cir. 1999) (malicious prosecution). The complaint does not allege that Plaintiff's conviction has been set aside, *Heck*, 512 U.S. at 486-87, and his allegations fail to state a claim cognizable under § 1983. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice; and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE

2